## ROYAL INDEMNITY CO v AGRIOS

Ohio Common Pleas, Summit Co

No 112509. Decided Dec 14, 1936

Weick, Powers & Mason, Akron, for plaintiff.

Herberich, Felker, Rowley & Taylor, Akron, for defendant.

## OPINION

By W. B. WANAMAKER, J.

This matter comes on for hearing upon the motion filed to discharge the attachment on the ground that the attachment was prematurely issued.

The action FOR MONEY ONLY was brought against the defendant as a non-resident of the State of Ohio having property within the State. A petition was filed and a summons issued, it being known that the summons would be returned "Not Found." Before return of the summons "Not Found" the affidavit for attachment was filed and the attachment allowed. Following the perfection of the attachment, service was made by publication.

It is claimed by the defendant that the attachment could not be obtained until after the day of the first publication and that the attachment having been obtained before the day of the first publication is void and should be discharged.

So far as counsel and the court have

been able to ascertain a direct decision on this question has never been reported.

The authority for attachment exists by virtue of the chapter on attachment commencing with §11819 GC:

"Sec 11819 GC. GROUNDS OF AT-TACHMENT. In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated: * * *"

The words "at" or "after" must mean something more than merely "after." For statutory construction it is necessary that the court give full effect to every part of the statute without doing violence to any part of it, if such construction is possible.

The confusion that has arisen with reference to the "commencement of actions" is due to the existence of the chapter of the Code entitled LIMITATION OF ACTIONS in which there is a section entitled WHEN COMMENCED and known as §11230 GC. This section unfortunately has been referred to for other purposes than that for which it was intended in its enactment, for it reads as follows:

"WHEN ACTION BEGUN

"Sec 11230 GC. WHEN COMMENCED. An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons, which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

And again:

"Sec 11231 GC. WHEN ACTION DEEMED COMMENCED. Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

It will be observed that these sections limit the application of this definition solely for the purpose of the subject of LIMITATION OF ACTIONS because of the use of these words "within the meaning of this chapter."

"Expressio unios exclusio ulterius." This maxim requires the rejection of the defini-

tion WHEN ACTION BEGUN under the chapter LIMITATION OF ACTIONS whether it be for personal service or service by publication. The fact that the statute expressly limited this definition to the one purpose compels us to determine the meaning of "when an action is deemed commenced" from other sources rather than from §§11230 and 11231 GC.

There should be no better place than the chapter on this subject. The chapter on commencement of action beginning with §11277 GC prescribes the steps necessary for the commencement of an action. It reads as follows:

"Sec 11279 GC. SUMMONS TO ISSUE ON PETITION. A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

The succeeding sections give further steps and prerequisites for the completion of those things necessary in the completion or perfection of the commencement of an action.

Words not having been given a technical meaning by statute are to be construed as having the meaning of common parlance. Having rejected the only technical definition of the statute for WHEN ACTION BEGUN and WHEN ACTION DEEMED COMMENCED, for the reasons given, we must determine the meaning of the words used in the first section of the chapter on attachments according to their meaning in common parlance.

No one in common parlance would dispute the fact that the real commencement of an action is the filing of a petition and that it is but the first step of things to be done to invoke the jurisdiction of the court after a consideration of the questions presented in the petition.

"After" the commencement of the action could only be construed as meaning after service had been perfected according to the statute. "At" the commencement of an action means any time before completion of its commencement or any time before "after" its commencement and bonafiedly followed through.

Confronted as the court is with determining when an attachment may issue to be effective under the statute requires the court to concern itself primarily with supporting the purpose of the chapter on attachment and not to render a decision to make the relief afforded by an attachment ineffective.

To hold that the attachment cannot issue where constructive service is necessary until after it becomes public knowledge that a petition has been filed and not until after the first publication for service would in effect do violence to the very purposes of the attachment chapter and would materially restrict its beneficial character.

This court therefore holds in a manner that does no violence to the purpose of any of the expressed purposes of the statute. This court holds that upon the filing of a petition an attachment may issue even before summons is issued thereon if the filing of the petition is bona fide and the steps required to complete the "commencement of the action" are followed with due diligence.

The only thing necessary is good faith on the part of the person filing the petition and seeking the attachment and whether one paper was filed a half a second before the other paper is of no materiality so long as the first steps of commencing the action, to-wit, the filing of the petition, has been taken and the other steps are diligently pursued.

For these reasons the court overrules the motion to discharge the attachment. Exceptions are granted. Journal entry is to be prepared in accordance with this opinion.